IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.: 5:12CR045 |
| v. | |
| JESSE HAMPTON HEISSERMAN | Title 18 U.S.C. § 2422(b) |

## UNITED STATES' SENTENCING MEMORANDUM

The Court should impose upon the defendant a sentence of 300 months (25 years) of incarceration based upon the plea agreement filed in this matter, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and for the reasons set for the below.

## PROCEDURAL HISTORY

On January 2, 2013, pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant pled guilty to Count 1 of the Indictment. The Court will impose the defendant's sentence on July 10, 2013.

## SENTENCING LAW

The Court should perform the following four steps when sentencing the defendant:

1. Properly calculate the sentence range recommended by the advisory sentencing guidelines ("Guidelines");

2. Determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors;

1

3. Implement any applicable mandatory statutory limitations; and

4. Articulate, on the record, the reasons for selecting the particular sentence and, if applicable, explain why a sentence outside the advisory sentencing guideline range better serves the relevant sentencing purposes set forth in 18 U.S.C. § 3553(a).

*See United States v. Booker,* 543 U.S., 220 (2005); *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006); 18 U.S.C. § 3553(a).

### I. Defendant's Advisory Sentencing Guideline Range

The defendant faces a statutory minimum term of imprisonment of ten years, and a maximum term of imprisonment of life in prison, pursuant to 18 U.S.C. § 2422(b). His advisory guideline range is 151-188 months, which is based upon an offense level of 31 (which includes a three point reduction for acceptance of responsibility) and a criminal history category of IV. Had the defendant proceeded to trial, however, his guideline range would have been 210-262 months.

Additionally, the defendant faced mandatory life terms of imprisonment for charges in Augusta County, Virginia, based upon the same conduct giving rise to the instant federal charge. The defendant avoids facing those state charges (and mandatory life) by entering into this plea agreement.

### II. Whether the Factors Under 18 U.S.C. § 3553(a) Support a Sentence Within the Advisory Guideline Range

"The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Specifically, the Court must consider the following goals when determining a sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford

adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

In addition, the Court must consider the following six factors when calculating a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Guidelines and Guideline range; (4) the Guidelines' policy statements; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1) and (3)-(7); *United States v. Green*, 436 F.3d 449, 455-56 (4th Cir. 2006). Here, the agreed-upon sentence of 300 months incarceration supported by the Section 3553(a) factors because it reflects the severity of the offenses, as well as the history and characteristics of this defendant.

A. **Sentencing Factor 1: nature and circumstances of the offense and the history and characteristics of the defendant**

The court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). As detailed in the pre-sentence report and the victim impact statements, the defendant, who was 33 at the time of the offense, enticed and persuaded a 12-year old victim to engage in sexual activity with him in Augusta County, Virginia.

B. **Sentencing Factor 2: the need for the sentence imposed to comply with the purposes outlined in 18 U.S.C. § 3553(a)(2)(A)-(D)**

The court shall consider the need for the sentence imposed –

> (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) To afford adequate deterrence to criminal conduct;
>
> (C) To protect the public from further crimes of the defendant; and
>
> (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2)(A)—(D). The Guidelines calculation here reflects "the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, the defendant enticed and convinced a 12-year old victim to engage in sexual activity with him. Incarceration for 300 months will deter this defendant, and others, from committing this offense and other types of criminal conduct.

### C. Sentencing Factor 3: the kinds of sentences available

Next, the court shall consider the "kind of sentences available" when imposing sentence. 18 U.S.C. § 3553(a)(3). In this case, imprisonment and fines are possible penalties under 18 U.S.C. § 2422(b), and the plea agreement calls for a 300-month term of imprisonment.

### D. Sentencing Factor 4: the Guidelines and the Guideline range

Additionally, the court shall consider the applicable Guideline range when imposing a sentence. As stated above, the defendant's advisory guideline range is 151-188 months, which is based upon an offense level of 31 (which includes a three point reduction for acceptance of responsibility) and a criminal history category of IV. Had the defendant proceeded to trial, however, his guideline range would have been 210-262 months.

### E. Sentencing Factor 5: Guideline policy statements

The court shall consider any "pertinent policy statements" in the Guidelines. 18 U.S.C. § 3553(a)(5). As set forth more fully below, the agreed upon sentence of 300 months

incarceration is also supported by the "pertinent policy statements".

    **F. <u>Sentencing Factor 6</u>: the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**

Imposition of a sentence within the advisory Guideline range best serves "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Congress "sought uniformity in sentencing by narrowing the wide disparity in sentences imposed by different federal courts for similar criminal conduct" prior to the Guidelines. *Rita*, 127 S. Ct. at 2464. Because "uniformity remains an important goal of sentencing," "Section 3553(a)(6) directs district courts to consider the need to avoid unwarranted disparities." *Kimbrough*, 128 S. Ct. at 573-74 (emphasis by Court). In this case, imposing the agreed-upon term of imprisonment of 300 months is slightly higher than the applicable advisory guideline range. However, this is a reasonable sentence in light of the tragic nature of this offense, the severe harm caused to the 12-year old victim and her family members, and the fact the defendant is avoiding multiple mandatory life sentences in August County, Virginia, based upon the same offense conduct.

    **G. <u>Sentencing Factor 7</u>: the need to provide restitution to any victim(s) of the offense**

The defendant agreed in the plea agreement to pay full restitution in this matter. The United States supports the U.S. Probation Office's recommendation that the defendant pay restitution to the victim in the amount of $6,361.77, the basis of which is detailed in the pre-sentence report.

    **III. Sentencing Exhibits**

The United States does not intend to introduce exhibits during the sentencing hearing in this case.

**IV. Sentencing Witnesses**

The United States does not intend to present witness testimony during the sentencing hearing in this case.

## CONCLUSION

The Court should impose upon the defendant 300 months of incarceration and order restitution in the amount of $6,361.77, as agreed upon in the plea agreement filed in this matter.

        Respectfully Submitted,

        TIMOTHY J. HEAPHY
        United States Attorney

        s/ Grayson A. Hoffman
        GRAYSON A. HOFFMAN (Virginia 73726)
        Assistant United States Attorney
        116 North Main Street, Ste. 130
        Harrisonburg, Virginia 22802

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's CM/ECF System This 3rd of July, 2013, which provides electronic notice to all parties.

                                                s/ Grayson A. Hoffman
                                                GRAYSON A. HOFFMAN (Virginia 73726)
                                                Assistant United States Attorney